UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TILACK RAMOODIT, KAMLAWATI RAMOODIT and
SAVITRIE BOODRAM

                                         Plaintiffs,

    --against--

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE
DEPARTMENT, NEW YORK CITY POLICE DEPARTMENT
POLICE OFFICER SCOTT ADELMAN, TAX ID/BADGE #
Unknown to Plaintiffs but Known to Defendants, Individually and
in his official capacity as a Police Officer of the New York City
Police Department, NEW YORK CITY POLICE DEPARTMENT
POLICE OFFICER SERGEANT WILMER CANALES, TAX
ID/BADGE #939967, Individually and in his official capacity as a
Police Officer of the New York City Police Department, NEW
YORK CITY POLICE DEPARTMENT POLICE OFFICER
STEVEN HASEMANN, TAX ID/BADGE # 950569, Individually
and in his official capacity as a Police Officer of the New York
City Police Department,    NEW YORK CITY POLICE
DEPARTMENT POLICE OFFICER DENNIS LOPEZ, TAX
ID/BADGE # 950772, Individually and in his official capacity as
a Police Officer of the New York City Police Department, NEW
YORK CITY POLICE DEPARTMENT POLICE OFFICER
LOUIE MALAVE, TAX ID/BADGE #943511, Individually and
in his official capacity as a Police Officer of the New York City
Police Department,    NEW YORK CITY POLICE
DEPARTMENT POLICE OFFICER JEFFREY MAYO, TAX ID
/BADGE # 928728, Individually and in his official capacity as a
Police Officer of the New York City Police Department, and
"JOHN DOES" AND JANE DOES", names being fictitious
intended to be Officers, Police Officers, agents, servants,
licensees, employees of the New York City Police Department,
each individually and/or in their respective official capacities with
the City of New York and/or the   New York City Police
Department,
                                Defendants.
-------------------------------------------------------------------X

**SECOND AMENDED
COMPLAINT
AND JURY DEMAND**

Docket No.: 15CV07006 (ARR)(P

1

Plaintiffs TILACK RAMOODIT, KAMLAWATI RAMOODIT and SAVITRIE BOODRAM, (hereinafter "Plaintiffs"), by and through their attorneys, **DRUMMOND & SQUILLACE, PLLC** state and allege, upon information and belief, as follows:

## INTRODUCTION

1.     This is an action seeking compensation and damages pursuant to 42 U.S.C. §§ 1983— excessive force, unlawful entry and false arrest;  Fourth Amendment Violation for unlawful search and seizure of Plaintiffs' person/body, false imprisonment, false arrest, violation of civil rights, harassment, abuse of authority, deviation and/or gross deviation from proper procedures, malice, recklessness, carelessness, official misconduct, violation of the Plaintiffs' Federal Rights pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. Section 1983 for damages sustained by Plaintiffs TILACK RAMOODIT, KAMLAWATI RAMOODIT and SAVITRIE BOODRAM, EACH individually, as a direct and proximate result of the unconstitutional use of excessive and/or unnecessary force and/or malicious acts, conduct and/or omissions of the Defendants herein in their use of excessive force, false imprisonment and false arrest against the above named Plaintiffs.  This action also seeks to recover punitive damages against the Defendants herein.

2.     That based upon information and belief on or about August 25, 2013 the Plaintiffs TILACK RAMOODIT, KAMLAWATI RAMOODIT and SAVITRIE BOODRAM resided at 102-12 97th Avenue, Ozone Park, New York 11416 and same premises was owned by Plaintiffs TILACK RAMOODIT AND KAMLAWTI RAMOODIT.  At all relevant times herein mentioned, Plaintiffs are of a minority race/national origin/ethnicity/color as they are of Indian/West Indian/Guyanese

2

descent, race, color, ethnicity and/or national origin. *Annexed hereto as Exhibit "A" are the sworn affidavits from Plaintiffs Tilack Ramdoodit and Kamlawti Ramoodit.*

3.      That on or about August 25, 2013, the subject premises had/maintained surveillance cameras that captured the subject premises and captured the within incident—the unlawful actions of the Defendants New York City Police Officers SCOTT ADELMAN, Tax ID/Badge # unknown to the Plaintiffs but known to Defendants, Sergeant WILMER CANALES, Tax ID #939967, Police Officer STEVEN HASSEMANN, Tax ID # 950569, Police Officer DENNIS LOPEZ, Tax ID #950772, Police Officer LOUIE MALAVE, Tax ID #943511, Police Officer JEFFREY MAYO, Tax ID # 928728, individually and acting in concert with each other and Defendants "JOHN AND JANE DOES" names being fictitious intended to be Police Officers, agents, servants, licensees, and/or employees of the New York City Police Department, each individually and/or in their respective official capacities with the City of New York, and/or the New York City Police Department, while acting under color of law, used that which appears in surveillance video to be an electrical/mechanical chain saw to cut the chain-link fence of the Plaintiffs' property and without a warrant, probable cause or exigent circumstances, unlawfully used a saw to break the chain locked gate/fence to the Plaintiffs' property and unlawfully gained entrance/access to/inside same and, after unlawfully breaking into the Plaintiffs' property, and without lawful permission and/other authority and without being lawfully authorized by anyone, including the Plaintiffs, to enter the subject premises and/or to cut the chain-link that secured the gate to the Plaintiffs' premises, the Defendants Police Officer SCOTT ADELMAN, Tax ID/Badge # unknown to the Plaintiffs but known to Defendants, Sergeant WILMER CANALES, Tax ID #939967, Police Officer STEVEN HASSEMANN, Tax ID # 950569, Police Officer DENNIS LOPEZ, Tax ID #950772, Police Officer

3

LOUIE MALAVE, Tax ID #943511 and Police Officer JEFFREY MAYO, Tax ID # 928728, individually and acting in concert with each other and Defendants "JOHN AND JANE DOES" unlawfully entered onto the Plaintiffs premises unlawfully trespassed onto and in the subject property/premises without a warrant, without probable cause and without exigent circumstances.

4.      At the time the Defendants Police Officer SCOTT ADELMAN, Tax ID/Badge# unknown to the Plaintiffs but known to Defendants, Sergeant WILMER CANALES, Tax ID #939967, Police Officer STEVEN HASSEMANN, Tax ID # 950569, Police Officer DENNIS LOPEZ, Tax ID #950772, Police Officer LOUIE MALAVE, Tax ID#943511, Police Officer JEFFREY MAYO, Tax ID# 928728, and Defendants "JOHN AND JANE DOES", individually and acting in concert with each other and while acting under color of law, all acting within the scope of their employment with Defendant the CITY OF NEW YORK as New York City Police Officers/agents/employees, upon information and belief, were at all relevant times herein mentioned, of the Caucasian/white race.

5.      At the time the Defendants  Police Officer SCOTT ADELMAN, Tax ID/Badge# unknown to the Plaintiffs but known to Defendants, Sergeant WILMER CANALES, Tax ID #939967, Police Officer STEVEN HASSEMANN, Tax ID # 950569, Police Officer DENNIS LOPEZ, Tax ID #950772, Police Officer LOUIE MALAVE, Tax ID#943511, Police Officer JEFFREY MAYO, Tax ID# 928728 and Defendants "JOHN AND JANE DOES", individually and acting in concert with each other and while acting under color of law, all acting within the scope of their employment with Defendant the CITY OF NEW YORK as New York City Police Officers/agents/employees, unlawfully entered the Plaintiffs' premises where the Plaintiffs and their

4

minor children were lawfully on/in their property/premises and had not, were not and were not about to engage in any unlawful acts, activity, conduct and/or omissions.

6. That on or about August 25, 2013 at the time the Defendants Police Officer SCOTT ADELMAN, Tax ID/Badge# unknown to the Plaintiffs but known to Defendants, Sergeant WILMER CANALES, Tax ID #939967, Police Officer STEVEN HASSEMANN, Tax ID # 950569, Police Officer DENNIS LOPEZ, Tax ID #950772, Police Officer LOUIE MALAVE, Tax ID#943511, Police Officer JEFFREY MAYO, Tax ID# 928728 and Defendants "JOHN AND JANE DOES", and while acting under color of law, all acting within the scope of their employment with Defendant the CITY OF NEW YORK as New York City Police Officers/agents/employees, unlawfully entered the Plaintiffs' premises while Plaintiff TILACK RAMOODIT was lawfully seated in a chair in his backyard and was not, was not about to and had not engaged in any criminal misconduct, and, had not and was not violating any laws and/or engaging nor was engaged in any misconduct nor did he present any form of threat to the Defendants.

7. Despite that having any lawful basis and/or authority to touch and/or cease the person of Plaintiff, TILACK RAMOODIT, the Defendants SCOTT ADELMAN, Sergeant WILMER CANALES, Tax ID #939967, Police Officer STEVEN HASSEMANN, Tax ID # 950569, Police Officer DENNIS LOPEZ, Tax ID #950772, Police Officer LOUIE MALAVE, Tax ID#943511, Police Officer JEFFREY MAYO, Tax ID# 928728 and Defendants "JOHN AND JANE DOES", individually and acting in concert with each other and while acting under color of law, all acting within the scope of their employment with Defendant the CITY OF NEW YORK as New York City Police Officers/agents/employees, forcibly grabbed Plaintiff TILACK RAMOODIT, twisted his arm, and with the use of overwhelming and unnecessary and excessive force, dragged Plaintiff TILACK

5

RAMOODIT, from his seated position in his backyard and dragged him forcibly from his premises—

a distance of approximately Twenty to Thirty yards without any care for the safety or well-being the

Plaintiff TILACK RAMOODIT and as a result of the foregoing the Plaintiff TILACK RAMOODIT

sustained injuries to his person including but not limited to: cuts, lacerations, contusions, sprain and

bruises to his person and to otherwise sustain serious injuries and psychological/emotional injuries

therefrom.

8.        As the Defendants SCOTT ADELMAN, Tax ID/Badge# unknown to the Plaintiffs

but known to Defendants, Sergeant WILMER CANALES, Tax ID#939967, Police Officer STEVEN

HASSEMANN, Tax ID # 950569, Police Officer DENNIS LOPEZ, Tax ID #950772, Police Officer

LOUIE MALAVE, Tax ID#943511, Police Officer JEFFREY MAYO, Tax ID# 928728 and

Defendants "JOHN AND JANE DOES", individually and acting in concert with each other and

while acting under color of law, all acting within the scope of their employment with Defendant the

CITY OF NEW YORK as New York City Police Officers/agents/employees, were forcibly grabbing

the Plaintiff TILACK RAMOODIT and dragging him while using excessive force and unnecessary

force against him for over a distance of approximately Twenty to Thirty yards, while Plaintiff

KAMLAWATI RAMOODIT cried out in emotional pain for said Defendants to leave her husband

alone, and in response, said Defendants, individually and acting in concert with each other, and while

acting under color of law punched, hit, pushed, shoved and otherwise assaulted the person of the

Plaintiff KAMLAWATI RAMOODIT, knocking her to the ground.

9.        While Plaintiff KAMLAWATI RAMOODIT was on the ground and experiencing

pain from the unlawful conduct of the Defendants SCOTT ADELMAN, Sergeant WILMER

CANALES, Tax ID #939967, Police Officer STEVEN HASSEMANN, Tax ID # 950569, Police

6

Officer DENNIS LOPEZ, Tax ID #950772, Police Officer LOUIE MALAVE, Tax ID#943511, Police Officer JEFFREY MAYO, Tax ID# 928728 and Defendants "JOHN AND JANE DOES", individually and acting in concert with each other and while acting under color of law, all acting within the scope of their employment with Defendant the CITY OF NEW YORK as New York City Police Officers/agents/employees were forcibly grabbing the Plaintiff KAMLAWATI RAMOODIT from the ground, twisted her arms and further, with the use of overwhelming and unnecessary and excessive force, dragged her from her backyard a distance of approximately Twenty to Thirty yards, forcibly placed her in handcuffs, pushed her into a police car without any care for the safety or well-being the Plaintiff KAMLAWATI RAMOODIT and, as a result of the foregoing, the Plaintiff KAMLAWATI RAMOODIT sustained injuries to her person, including but not limited to: a black eye, cuts, lacerations, contusions, sprain and bruises to her person and to otherwise sustain serious injuries and psychological/emotional injuries therefrom.

10. As the Defendants SCOTT ADELMAN, Sergeant WILMER CANALES, Tax ID #939967, Police Officer STEVEN HASSEMANN, Tax ID # 950569, Police Officer DENNIS LOPEZ, Tax ID #950772, Police Officer LOUIE MALAVE, Tax ID#943511, Police Officer JEFFREY MAYO, Tax ID# 928728 and Defendants "JOHN AND JANE DOES", individually and acting in concert with each other and while acting under color of law, all acting within the scope of their employment with Defendant the CITY OF NEW YORK as New York City Police Officers/agents/employees were forcibly grabbing the Plaintiffs TILACK RAMOODIT and KAMLAWATI RAMOODIT dragging them while using excessive force and unnecessary force over a distance of approximately Twenty to Thirty yards, Plaintiff SAVITRIE BOODRAM also cried out to said Defendants to stop and, in response, said Defendants, individually and acting in concert with

7

each other, and while acting under color of law, punched, hit, pushed, shoved and otherwise assaulted the person of the Plaintiff SAVITRIE BOODRAM and further, with the use of overwhelming and unnecessary and excessive force, dragged Plaintiff SAVITRIE BOODRAM from her backyard a distance of approximately Twenty to Thirty yards without any care for the safety or well-being the Plaintiff SAVITRIE BOODRAM, placed her in handcuffs/hand restraints on her wrists, pushed her into a police vehicle and, as a result of the foregoing, the Plaintiff SAVITRIE BOODRAM sustained injuries to her person, including but not limited to: cuts, lacerations, contusions, sprain and bruises to her person and to otherwise sustained serious injuries and psychological/emotional injuries therefrom.   *Annexed hereto as Exhibit "B" is a copy of surveillance footage of the Defendants, acting in concert with other members of the New York City Police Department, cutting the Plaintiff's chain linked fence, forcibly opening their gate and, based upon information and belief, without permission any authority, without a search warrant and without probable cause, unlawfully entering the subject premises thereafter falsely arresting and using unlawful excessive force against the Plaintiffs.*

     11.    That the Defendants SCOTT ADELMAN, Sergeant WILMER CANALES, Tax ID #939967, Police Officer STEVEN HASSEMANN, Tax ID # 950569, Police Officer DENNIS LOPEZ, Tax ID #950772, Police Officer LOUIE MALAVE, Tax ID#943511, Police Officer JEFFREY MAYO, Tax ID# 928728 and Defendants "JOHN AND JANE DOES", individually and acting in concert with each other and while acting under color of law, all acting within the scope of their employment with Defendant the CITY OF NEW YORK as New York City Police Officers/agents/employees, after forcibly and with the use of excessive force removing the Plaintiffs from their premises against the Plaintiffs individual and respective will, then falsely arrested each of

8

the Plaintiffs by the use of forcible restrained, detained, held the Plaintiffs against their respective will, assaulted, battered, falsely imprisoned and falsely arrested Plaintiffs while they harassed, grabbed, abused, pushed, shoved, hit, struck, assaulted, battered, imprisoned, used excessive force against the Plaintiffs based upon their racial animus and discrimination against Plaintiffs for Plaintiffs' race/color/national origin/ethnicity.

12.    That said Defendants, individually and while acting in concert with each other and acting under the color of law, all acting within the scope of their employment with Defendant the CITY OF NEW YORK as New York City Police Officers/employees/agents, in an intentional effort to justify their unlawful conduct that they caused to be visited upon the Plaintiffs, thereafter then made false and malicious allegations against the Plaintiffs by wrongfully and unlawfully claiming/charging that the Plaintiffs had violated the law and unlawfully arrested the Plaintiffs causing the Plaintiffs to be to be arrested, booked, processed, labeled criminal defendants, arraigned, prosecuted and forced them to have to go to court and incur legal fees to defend themselves against the foregoing false allegations made against them by said Defendants.

13.    That as a direct and proximate result of said Defendants, individually and while acting in concert with each other and while acting under the color of law, all acting within the scope of their employment with Defendants the CITY OF NEW YORK as New York City Police Officers/employees/agents, in engaging in unlawful conduct, actions and/or omissions against the Plaintiffs, said Defendants, individually and while acting in concert with each other and while acting under the color of law caused Plaintiffs individually to suffer and sustain serious personal, physical and emotional/psychological injuries and damages including, but not limited to: contusions, lacerations, swelling, bruising, bleeding, injury to her head, black eye, injury to eye, injury to face,

injury to arm, injury to elbow, pain and suffering, mental anguish, shock, fear, depression, anxiety, Post-Traumatic Stress Disorder, (PTSD), psychological injuries, psychological distress, and emotional distress and to incur costs and expenses including legal fees and was otherwise damaged/injured herein.

14. The Defendants, POLICE OFFICER SCOTT ADELMAN, Badge/Tax ID# number unknown to Plaintiff, but known to the Defendants, Individually and in his official capacity as a New York City Police Officer, and Sergeant WILMER CANALES, Tax ID #939967, Police Officer STEVEN HASSEMANN, Tax ID # 950569, Police Officer DENNIS LOPEZ, Tax ID #950772, Police Officer LOUIE MALAVE, Tax ID#943511,Police Officer JEFFREY MAYO, Tax ID# 928728 and "JOHN DOES" AND "JANE DOES", names being fictitious, intended to be employees agents, servants, licensees, officers, police officers of/with Defendant THE CITY OF NEW YORK as New York City Police Officers/employees/agents, each individually and/or in their official capacities with the City of New York/New York City Police Department, all acting in concert with the other, all acting within the scope of their employment with Defendant the CITY OF NEW YORK as New York City Police Officers/agents/employees, forcibly arrested and imprisoned Plaintiffs TILACK RAMOODIT, KAMLAWATI RAMOODIT and SAVITRIE BOODRAM for charges that were unknown to them at the time; which they subsequently learned of when they were forcefully dragged into Criminal Court by the Defendants.

15. That on or about August 25, 2013, the Defendants POLICE OFFICER SCOTT ADELMAN, Badge/Tax ID# number unknown to Plaintiff, but known to the Defendants, Individually and in his official capacity as a New York City Police Officer, Sergeant WILMER CANALES, Tax ID #939967, Police Officer STEVEN HASSEMANN, Tax ID # 950569, Police

10

Officer DENNIS LOPEZ, Tax ID #950772, Police Officer LOUIE MALAVE, Tax ID#943511,Police Officer JEFFREY MAYO, Tax ID# 928728, and "JOHN DOES" AND "JANE DOES", names being fictitious, intended to be employees agents, servants, licensees, officers, police officers of/with Defendant THE CITY OF NEW YORK as New York City Police Officers/employees/agents, each individually and/or in their official capacities with the City of New York/New York City Police Department, all acting in concert with the other, all acting within the scope of their employment with Defendant the CITY OF NEW YORK as New York City Police Officers/agents/employees, wrongfully/falsely charged, arrested and/or imprisoned Plaintiff TILACK RAMOODIT for violations of Penal Law Sections 205.30, Resisting Arrest, 195.05 Obstruction of Governmental Function and Two Counts of violation of Penal Law Section 240.20, Disorderly Conduct.

16.    That on or about August 25, 2013, the Defendants POLICE OFFICER SCOTT ADELMAN, Badge/Tax ID# number unknown to Plaintiff, but known to the Defendants, Individually and in his official capacity as a New York City Police Officer, Sergeant WILMER CANALES, Tax ID #939967, Police Officer STEVEN HASSEMANN, Tax ID # 950569, Police Officer DENNIS LOPEZ, Tax ID #950772, Police Officer LOUIE MALAVE, Tax ID#943511,Police Officer JEFFREY MAYO, Tax ID# 928728, and "JOHN DOES" AND "JANE DOES", names being fictitious, intended to be employees agents, servants, licensees, officers, police officers of/with Defendant THE CITY OF NEW YORK as New York City Police Officers/employees/agents, each individually and/or in their official capacities with the City of New York/New York City Police Department, all acting in concert with the other, all acting within the scope of their employment with Defendant the CITY OF NEW YORK as New York City Police

11

Officers/agents/employees, did not charge Plaintiff TILACK RAMOODIT for violation of Penal Law Section 120.05(3) – Assault in the Second Degree and/or for any Assault related offenses as the Defendant Police officer Scott Adelman claims in Paragraph number "5" in his Summons and Complaint, Index No.: 700015/2014 herein alleging: " That Plaintiff (P.O. Adelman) was caused to sustained serious personal injuries when Defendant (Mr. Ramoodit) struck Plaintiff about his body with his fist." *Annexed hereto as Exhibit "C" is a copy of Defendant Police Officer Adelman's Summons and Complaint against Mr. Ramoodit alleging the foregoing.*

17.     That on or about August 25, 2013, the Defendants POLICE OFFICER SCOTT ADELMAN, Badge/Tax ID# number unknown to Plaintiff, but known to the Defendants, Individually and in his official capacity as a New York City Police Officer, Sergeant WILMER CANALES, Tax ID #939967, Police Officer STEVEN HASSEMANN, Tax ID # 950569, Police Officer DENNIS LOPEZ, Tax ID #950772, Police Officer LOUIE MALAVE, Tax ID#943511,Police Officer JEFFREY MAYO, Tax ID# 928728 and "JOHN DOES" AND "JANE DOES", names being fictitious, intended to be employees agents, servants, licensees, officers, police officers of/with Defendant THE CITY OF NEW YORK as New York City Police Officers/employees/agents, each individually and/or in their official capacities with the City of New York/New York City Police Department, all acting in concert with the other, all acting within the scope of their employment with Defendant the CITY OF NEW YORK as New York City Police Officers/agents/employees, in addition to wrongfully/falsely charging, arresting and/or imprisoning Plaintiff TILACK RAMOODIT, the Defendants further wrongfully/falsely charged, arrested and/or imprisoned Plaintiff KAMLAWATI RAMOODIT for alleged violations of Penal Law Sections 120.05, Assault as a Felony, violations of Penal Law Sections 205.30, Resisting Arrest, 195.05

Obstruction of Governmental Function and Two Counts of violation of Penal Law Section 240.20, Disorderly Conduct.

18. That Plaintiff KAMLAWATI RAMOODIT is of very small stature and, as surveillance video of the date in question readily demonstrates, August 25, 2013, she was accosted by the Defendants POLICE OFFICER SCOTT ADELMAN, Badge/Tax ID# unknown to Plaintiff but known to the Defendants, Sergeant WILMER CANALES, Tax ID #939967, Police Officer STEVEN HASSEMANN, Tax ID # 950569, Police Officer DENNIS LOPEZ, Tax ID #950772, Police Officer LOUIE MALAVE, Tax ID#943511, Police Officer JEFFREY MAYO, Tax ID# 928728 and JOHN DOES" AND "JANE DOES", names being fictitious, intended to be employees agents, servants, licensees, officers, police officers of/with Defendant THE CITY OF NEW YORK as New York City Police Officers/employees/agents, each individually and/or in their official capacities with the City of New York/New York City Police Department, all acting in concert with the other, all acting within the scope of their employment with Defendant the CITY OF NEW YORK as New York City Police Officers/agents/employees, who were unlawfully on/in Plaintiffs' premises, and, that Plaintiff KAMLAWATI RAMOODIT sustained the most serious of injuries amongst all the Plaintiffs as a direct result of said Defendants' unlawful acts and/or conduct. *Annexed hereto as Exhibit "D" are photographs of the injuries that Plaintiff KAMLAWATI RAMOODIT sustained as a result of the within incident.*

19. That on or about August 25, 2013, the Defendants POLICE OFFICER SCOTT ADELMAN, Badge/Tax ID# number unknown to Plaintiff, but known to the Defendants, Sergeant WILMER CANALES, Tax ID #939967, Police Officer STEVEN HASSEMANN, Tax ID # 950569, Police Officer DENNIS LOPEZ, Tax ID #950772, Police Officer LOUIE MALAVE, Tax

ID#943511,Police Officer JEFFREY MAYO, Tax ID# 928728 and "JOHN DOES" AND "JANE

DOES", names being fictitious, intended to be employees agents, servants, licensees, officers, police

officers of/with Defendant THE CITY OF NEW YORK as New York City Police

Officers/employees/agents, each individually and/or in their official capacities with the City of New

York/New York City Police Department, all acting in concert with the other, all acting within the

scope of their employment with Defendant the CITY OF NEW YORK as New York City Police

Officers/agents/employees, further wrongfully/falsely charged, arrested and/or imprisoned Plaintiff

SAVITRIE BOODRAM for alleged violations of Penal Law Sections 205.30, Resisting Arrest,

195.05 Obstruction of Governmental Function and Two Counts of violation of Penal Law Section

240.20, Disorderly Conduct.

20.    That Plaintiff SAVITRIE BOODRAM is also of very small stature and, as

surveillance video readily demonstrates, on the date in question she was also accosted by said

Defendants while she was recording said Defendants and their unlawful actions including, but not

limited to: punching, hitting, pushing, shoving, and otherwise assaulting the person of the Plaintiff

SAVITRIE BOODRAM and further, with the use of overwhelming and unnecessary and excessive

force, dragged Plaintiff SAVITRIE BOODRAM from her backyard a distance of approximately

Twenty to Thirty yards without any care for the safety or well-being for the Plaintiff SAVITRIE

BOODRAM, and placed her in handcuffs/hand restraints on her wrists, pushed her into a police

vehicle and, as a result of the foregoing, the Plaintiff SAVITRIE BOODRAM sustained injuries to

her person, including but not limited to: cuts, lacerations, contusions, sprain and bruises to her

person and to otherwise sustain serious personal and physical injuries and psychological/emotional

injuries therefrom.

14

21.     As a direct and approximate cause of said Defendants' unlawful actions/conduct, the Plaintiffs TILACK RAMOODIT, KAMLAWATI RAMOODIT and SAVITRIE BOODRAM were wrongfully/falsely charged, arrested, imprisoned and prosecuted with criminal offenses and were incarcerated as a result therefrom.

22.     That as a direct and proximate result of the foregoing unlawful conduct and actions of said Defendants, the Plaintiffs were labeled criminal Defendants and forced to appear in Court to defend themselves, being forced to make a number of appearances in Court, and, based upon information and belief, after the District Attorney assigned to the Plaintiffs' cases reviewed the video surveillance of the incident of August 25, 2013 that captured the events on the Plaintiffs' subject premises, on November 3, 2014 all charges against Plaintiff Kamlawati Ramoodit were dismissed and, on November 6, 2014 all the charges against Plaintiff Tilack Ramoodit and Savitrie Boodram were dismissed. *Annexed hereto as Exhibit "E" are the Certificates of Disposition for the Plaintiffs affirming the foregoing.*

23.     That as a direct and proximate result of said Defendants' wrongful and unlawful conduct, Plaintiffs have suffered and continue to suffer physical injuries, mental anguish, loss of the enjoyment of life, emotional distress and deprivation of their civil rights.

### JURISDICTION AND VENUE

24.     This Court has jurisdiction over the within action pursuant to 28 U.S.C. §1343, federal question jurisdiction. This action is brought pursuant to 42 U.S.C. Sections 1983, Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. Sections 1981, 1981(a), 1983, the Fourth Amendment of the United States Constitution. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(1-4).

15

25.     Venue is proper in the Eastern District of New York, pursuant to 28 U.S.C. §1391.

## PARTIES

26.     That at all times herein mentioned, Plaintiffs TILACK RAMOODIT, KAMLAWATI RAMOODIT and SAVITRIE BOODRAM were and still are residents of the State of New York.

27.     That at all times herein mentioned, Defendant THE CITY OF NEW YORK was and is a municipal corporation existing by and under the laws of the State of New York.

28.     That at all times herein mentioned, Defendant THE CITY OF NEW YORK was and is a governmental subdivision of the State of New York.

29.     That at all times herein mentioned, Defendant THE CITY OF NEW YORK is the public employer of Defendants New York City Police Department Police Officer Scott Adelman, Badge/Tax ID number unknown to Plaintiff, but known to the Defendants, Sergeant WILMER CANALES, Tax ID #939967, Police Officer STEVEN HASSEMANN, Tax ID # 950569, Police Officer DENNIS LOPEZ, Tax ID #950772, Police Officer LOUIE MALAVE, Tax ID#943511, Police Officer JEFFREY MAYO, Tax ID# 928728, and "JOHN DOES" and "JANE DOES" named herein.

30.     That at all times herein mentioned, Defendant NEW YORK CITY POLICE DEPARTMENT Police Officer Scott Adelman, Badge/Tax ID number unknown to Plaintiff, but known to the Defendants, is an agent, employee, licensee and/or servant of the Defendant the City of New York as an employee/agent/Police Officer of/with the New York City Police Department.

31.     That at all times herein mentioned, Defendant NEW YORK CITY POLICE DEPARTMENT Police Officer Sergeant Wilmer Canales, Tax ID# 939967, is an agent, employee, licensee and/or servant of the Defendants the City of New York, the New York City Police

16

Department and is an employee/agent/Police Officer and acted and/or had supervisory authority with/within the New York City Police Department.

32.     That at all times herein mentioned, Defendant NEW YORK CITY POLICE DEPARTMENT Police Officer Steven Hassemann, Tax ID# 950569, is an agent, employee, licensee and/or servant of the Defendants the City of New York, the New York City Police Department and is an employee/agent/Police Officer of/with the New York City Police Department.

33.     That at all times herein mentioned, Defendant NEW YORK CITY POLICE DEPARTMENT Police Officer Dennis Lopez, Tax ID# 950772, is an agent, employee, licensee and/or servant of the Defendants the City of New York, the New York City Police Department and is an employee/agent/Police Officer of/with the New York City Police Department.

34.     That at all times herein mentioned, Defendant NEW YORK CITY POLICE DEPARTMENT Police Officer Louie Malave, Tax ID# 943511, is an agent, employee, licensee and/or servant of the Defendants the City of New York, the New York City Police Department and is an employee/agent/Police Officer of/with the New York City Police Department.

35.     That at all times herein mentioned, Defendant NEW YORK CITY POLICE DEPARTMENT Police Officer Jeffrey Mayo, Tax ID# 928728, is an agent, employee, licensee and/or servant of the Defendants the City of New York, the New York City Police Department and is an employee/agent/Police Officer of/with the New York City Police Department.

36.     Defendants "John Does" and "Jane Does", names being fictitious, intended to be employees agents, servants, licensees, officers, police officers of/with the City of New York/New York City Police Department are sued herein in their respective individual and/or official capacities with the City of New York and/or New York City Police Department,  and are alleged to have acted

all in concert with the other and all within the scope of their employment with Defendant the CITY OF NEW YORK as employees/agents/Police Officers of the New York City Police Department.

37.     In addition to the facts alleged in the foregoing paragraphs and following paragraphs, the individually named Defendants herein in the following subparagraphs is sued in his/her individual and official capacity; acted under color of law and within the scope of his/her employment, to wit: under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York:

    a. Defendant, New York City Police Department Police Officer Scott Adelman, Tax ID/Badge number unknown to Plaintiff, but known to the Defendants, was, at all relevant times, a Police Officer with/of the New York City Police Department and is sued herein individually and in his official capacity as a New York City Police Officer with the New York City Police Department; and

    b. Defendants, "JOHN DOES" AND JANE DOES", names being fictitious, intended to be and at all relevant times herein mentioned were employees, agents, servants, licensees, officers and/or police officers, and are being sued herein individually and in their official capacities with the City of New York and/or the New York City Police Department.

38.     That at all times herein mentioned, Defendant, the City of New York, owned, managed, controlled, maintained, employed and/or supervised Defendants POLICE OFFICER SCOTT ADELMAN, Badge/Tax ID# number unknown to Plaintiffs, but known to the Defendants, Sergeant WILMER CANALES, Tax ID #939967, Police Officer STEVEN HASSEMANN, Tax ID # 950569, Police Officer DENNIS LOPEZ, Tax ID #950772, Police Officer LOUIE MALAVE, Tax ID #943511, Police Officer JEFFREY MAYO, Tax ID # 928728, Individually and in their official

18

capacity as a New York City Police Officers, and "JOHN DOES" AND "JANE DOES", names being fictitious, intended to be employees agents, servants, licensees, officers, police officers of/with Defendant THE CITY OF NEW YORK as New York City Police Officers/employees/agents, each individually and/or in their official capacities with the City of New York/New York City Police Department, all acting in concert with the other, all acting within the scope of their employment with Defendant the CITY OF NEW YORK as New York City Police Officers/agents/employees.

39.     That on or about August 25, 2013, and at all times herein mentioned, Defendant, THE CITY OF NEW YORK owned, operated, managed, controlled, governed, maintained, trained, oversaw, employed and/or supervised Defendants Defendants POLICE OFFICER SCOTT ADELMAN, Badge/Tax ID# number unknown to Plaintiff, but known to the Defendants, Sergeant WILMER CANALES, Tax ID #939967, Police Officer STEVEN HASSEMANN, Tax ID # 950569, Police Officer DENNIS LOPEZ, Tax ID #950772, Police Officer LOUIE MALAVE, Tax ID#943511, Police Officer JEFFREY MAYO, Tax ID# 928728, Individually and in their official capacity as a New York City Police Officers, and "JOHN DOES" AND "JANE DOES", names being fictitious, intended to be employees agents, servants, licensees, officers, police officers of/with Defendant THE CITY OF NEW YORK as New York City Police Officers/employees/agents, each individually and/or in their official capacities with the City of New York/New York City Police Department, all acting in concert with the other, all acting within the scope of their employment with Defendant the CITY OF NEW YORK as New York City Police Officers/agents/employees, for their respective unlawful conduct herein committed against the Plaintiffs, conduct by said Defendants that was committed in furtherance of Defendant THE CITY OF NEW YORK'S business.

19

40. Defendant NEW YORK CITY POLICE DEPARTMENT POLICE OFFICER SCOTT ADELMAN, Tax ID/Badge number unknown to Plaintiff, but known to the Defendants, is an agent, servant, licensee, employee and/or Police Officer of Defendant THE CITY OF NEW YORK, as a New York City Police Officer, who, at all times herein mentioned, acted in his individual capacity and/or acted within the scope of his employment/within his official capacity as a Police Officer of the City of New York and/or as a Police Officer of the New York City Police Department.

41. Defendant NEW YORK CITY POLICE DEPARTMENT POLICE OFFICER SERGEANT WILMER CANALES, Tax ID # 939967, is an agent, servant, licensee, employee and/or Police Officer of Defendant THE CITY OF NEW YORK, as a New York City Police Officer, who, at all times herein mentioned, acted in his individual capacity and/or acted within the scope of his employment/within his official capacity as a Police Officer of the City of New York and/or as a Police Officer of the New York City Police Department.

42. Defendant NEW YORK CITY POLICE DEPARTMENT POLICE OFFICER STEVEN HASEMANN, Tax ID # 950569, is an agent, servant, licensee, employee and/or Police Officer of Defendant THE CITY OF NEW YORK, as a New York City Police Officer, who, at all times herein mentioned, acted in his individual capacity and/or acted within the scope of his employment/within his official capacity as a Police Officer of the City of New York and/or as a Police Officer of the New York City Police Department.

43. Defendant NEW YORK CITY POLICE DEPARTMENT POLICE OFFICER DENNIS LOPEZ, Tax ID # 950772, is an agent, servant, licensee, employee and/or Police Officer of Defendant THE CITY OF NEW YORK, as a New York City Police Officer, who, at all times herein mentioned, acted in his individual capacity and/or acted within the scope of his employment/within

his official capacity as a Police Officer of the City of New York and/or as a Police Officer of the New York City Police Department.

44.    Defendant NEW YORK CITY POLICE DEPARTMENT POLICE OFFICER LOUIE MALAVE, Tax ID # 943511, is an agent, servant, licensee, employee and/or Police Officer of Defendant THE CITY OF NEW YORK, as a New York City Police Officer, who, at all times herein mentioned, acted in his individual capacity and/or acted within the scope of his employment/within his official capacity as a Police Officer of the City of New York and/or as a Police Officer of the New York City Police Department.

45.    Defendant NEW YORK CITY POLICE DEPARTMENT POLICE OFFICER JEFFREY MAYO, Tax ID # 928728, is an agent, servant, licensee, employee and/or Police Officer of Defendant THE CITY OF NEW YORK, as a New York City Police Officer, who, at all times herein mentioned, acted in his individual capacity and/or acted within the scope of his employment/within his official capacity as a Police Officer of the City of New York and/or as a Police Officer of the New York City Police Department.

46.    Defendants, "JOHN DOES" AND JANE DOES", names being fictitious, intended to be employees, agents, servants, licensees, officers, police officers of/ with the City of New York and the New York City Police Department, are agents, servants, licensees, employees and/or Police Officers of the City of New York/New York City Police Department who, at all times herein mentioned, acted in their individual capacities and/or acted within the scope of their employment/within their official capacities as Police Officers of the City of New York/New York City Police Department.

21

## **FACTUAL AND GENERAL ALLEGATIONS**

47.     That on or about August 25, 2013, the subject premises had/maintained surveillance cameras that captured the subject premises and captured the within incident and the unlawful actions, conduct, false arrest, trespass, assault and use of excessive force by Defendants POLICE OFFICER SCOTT ADELMAN, Badge/Tax ID# number unknown to Plaintiff, but known to the Defendants, Sergeant WILMER CANALES, Tax ID #939967, Police Officer STEVEN HASSEMANN, Tax ID # 950569, Police Officer DENNIS LOPEZ, Tax ID #950772, Police Officer LOUIE MALAVE, Tax ID#943511, Police Officer JEFFREY MAYO, Tax ID# 928728, Individually and in their official capacity as a New York City Police Officers, and "JOHN DOES" AND "JANE DOES", names being fictitious, intended to be employees agents, servants, licensees, officers, police officers of/with Defendants THE CITY OF NEW YORK as New York City Police Officers/employees/agents, each individually and/or in their official capacities with the City of New York/New York City Police Department, all acting in concert with the other, all acting within the scope of their employment with Defendants THE CITY OF NEW YORK as New York City Police Officers/agents/employees, and Plaintiffs were further injured by the deliberate, malicious, intentional, negligent, reckless, careless, wanton and/or unlawful conduct/actions of said Defendants, their servants, agents, employees, and/or police officers named herein, individually and in their official capacities as Police Officers, as well as by said Defendants POLICE OFFICER SCOTT ADELMAN, Sergeant WILMER CANALES, Tax ID #939967, Police Officer STEVEN HASSEMANN, Tax ID # 950569, Police Officer DENNIS LOPEZ, Tax ID #950772, Police Officer LOUIE MALAVE, Tax ID#943511, Police Officer JEFFREY MAYO, Tax ID# 928728, and "JOHN DOES" and "JANE DOES", in that they intentionally, maliciously, recklessly and with deliberate indifference to human life and to the life,

22

safety, health and well-being of Plaintiffs TILACK RAMOODIT, KAMLAWATI RAMOODIT and

SAVITRIE BOODRAM, with each acting in concert with the other and each acting under the color

of law, forcibly restrained, detained, held against their will, assaulted, battered, falsely imprisoned

and falsely arrested Plaintiffs while they harassed, grabbed, abused, pushed, shoved, hit, struck,

assaulted, battered, imprisoned, used excessive force against them and then made false allegations

against the Plaintiffs and arrested them and/or caused Plaintiffs to be arrested, booked, processed,

labeled a criminal defendant, arraigned, prosecuted and forced them to have to go to court and incur

legal fees to defend themselves against the foregoing allegations made against them by Defendants.

      48.     That as a direct and proximate result of said Defendants' unlawful conduct, actions

and/or omissions against the Plaintiffs, said Defendants caused Plaintiffs to suffer and sustain serious

personal and physical injuries and damages  including, but not limited to: contusions, lacerations,

swelling, bruising, bleeding, injury to head, injury to face, injury to arm, injury to elbow, pain and

suffering, mental anguish, shock, fear, depression, anxiety, Post-Traumatic Stress Disorder, (PTSD),

psychological injuries, psychological distress, and emotional distress,  legal fees and was otherwise

damaged/injured herein.

      49.     That based upon information and belief, on August 25, 2013, while the Plaintiffs and

their minor children were lawfully on/in their property/premises, Defendants POLICE OFFICER

SCOTT ADELMAN, Badge/Tax ID# number unknown to Plaintiff, but known to the Defendants,

Sergeant WILMER CANALES, Tax ID #939967, Police Officer STEVEN HASSEMANN, Tax ID #

950569, Police Officer DENNIS LOPEZ, Tax ID #950772, Police Officer LOUIE MALAVE, Tax

ID#943511, Police Officer JEFFREY MAYO, Tax ID# 928728, Individually and in their official

capacity as a New York City Police Officers, and "JOHN DOES" AND "JANE DOES", names

being fictitious, intended to be employees agents, servants, licensees, officers, police officers of/with Defendant THE CITY OF NEW YORK as New York City Police Officers/employees/agents, each individually and/or in their official capacities with the City of New York/New York City Police Department, all acting in concert with the other, all acting within the scope of their employment with Defendants THE CITY OF NEW YORK as New York City Police Officers/agents/employees, unlawfully entered and unlawfully trespassed onto and in the Plaintiffs' subject property/premises without a warrant, without probable cause and without exigent circumstances.

50.     That on or about August 25, 2013, while Plaintiffs TILACK RAMOODIT, KAMLAWATI RAMOODIT and SAVITRIE BOODRAM were lawfully in/on their premises, the Defendants POLICE OFFICER SCOTT ADELMAN, Badge/Tax ID# number unknown to Plaintiff, but known to the Defendants, Sergeant WILMER CANALES, Tax ID #939967, Police Officer STEVEN HASSEMANN, Tax ID # 950569, Police Officer DENNIS LOPEZ, Tax ID #950772, Police Officer LOUIE MALAVE, Tax ID#943511, Police Officer JEFFREY MAYO, Tax ID# 928728, Individually and in their official capacity as a New York City Police Officers, and "JOHN DOES" AND "JANE DOES", names being fictitious, intended to be employees agents, servants, licensees, officers, police officers of/with Defendants THE CITY OF NEW YORK as New York City Police Officers/employees/agents, each individually and/or in their official capacities with the City of New York/New York City Police Department, all acting in concert with the other, all acting within the scope of their employment with Defendants THE CITY OF NEW YORK as New York City Police Officers/agents/employees, without a warrant, probable cause or exigent circumstances, unlawfully used a saw to break the chain locked gate/fence to the Plaintiffs property and unlawfully gained entrance/access to/inside same and, after unlawfully breaking into the Plaintiffs' property,

24

without a warrant or probable cause, using excessive force, forcibly arrested Plaintiffs TILACK RAMOODIT, KAMLAWATI RAMOODIT and SAVITRIE BOODRAM for charges that were unknown to them at the time; which they subsequently learned of when they were forcefully dragged into Criminal Court by the Defendants POLICE OFFICER SCOTT ADELMAN, Sergeant WILMER CANALES, Tax ID #939967, Police Officer STEVEN HASSEMANN, Tax ID # 950569, Police Officer DENNIS LOPEZ, Tax ID #950772, Police Officer LOUIE MALAVE, Tax ID#943511, Police Officer JEFFREY MAYO, Tax ID# 928728, and "JOHN DOES" AND "JANE DOES".

51.    That on or about August 25, 2013, said Defendants, individually and acting in concert with each other wrongfully/falsely charged Plaintiff TILACK RAMOODIT for violations of Penal Law Sections 205.30, Resisting Arrest, 195.05 Obstruction of Governmental Function and Two Counts of violation of Penal Law Section 240.20, Disorderly Conduct. It is significant to note that based upon information and belief, said Defendants forcibly restrained, forcibly detained, falsely imprisoned, falsely accused, falsely arrested, used excessive force against, falsely prosecuted, labeled a criminal, deprived of their rights and privileges guaranteed to them by the Constitution of the United States, The Constitution of the State of New York and federal and state laws when they, without justification, used excessive and unreasonable force against Plaintiffs in that they intentionally, maliciously, recklessly, wantonly and with deliberate indifference to human life/safety/health/well-being, forcibly restrained, forcibly detained, forcibly and falsely imprisoned and falsely arrested Plaintiffs against their will while they pushed, shoved, grabbed, hit, struck, assaulted, battered and/or otherwise used excessive force against Plaintiffs and further falsely prosecuted them causing them to be labeled criminal Defendants and to incur legal fees to defend themselves against the allegations that said Defendants made against them herein.

25

52.     That said Defendants, pursuant to Defendant POLICE OFFICER SCOTTADELMAN'S allegations, did not charge Mr. TILACK RAMOODIT for violation of Penal Law Section 120.05(3) – Assault in the Second Degree and/or for any Assault related offenses as the Defendant Police officer Adelman alleged in Paragraph number "5" in his Summons and Complaint, filed in Queens County, Index No.: 700015/2014 whereby Defendant claimed: "That Plaintiff was caused to sustained serious personal injuries when Defendant (Mr. Ramoodit) struck Plaintiff about his body with his fist."

53.     As a direct and approximate cause of said Defendants' unlawful Conduct, the Plaintiff TILACK RAMOODIT was wrongfully/falsely charged with criminal offenses and was incarcerated. The Defendants caused the Plaintiff TILACK RAMOODIT to be imprisoned, booked, processed, arraigned and criminally prosecuted based upon the Defendants' allegations made against him that forced him to be labeled a Criminal Defendant, forced him to appear in Court as same, forced him to defendant himself and forced him to incur legal fees in defense of same. As a result of the foregoing acts of the Defendants, the Plaintiff TILACK RAMOODIT was caused by said Defendants, while acting under color of law, to have his State and Federal Constitutional Rights violated; to appear in court, to be publicly humiliated, embarrassed and to incur expenses of securing an attorney in order to avoid the threat of having a criminal record and the fear of the loss of his liberty and the pursuit of happiness.

54.     That on or about August 25, 2013, said Defendants further wrongfully/falsely charged Plaintiff KAMLAWATI RAMOODIT for alleged violations of Penal Law Sections 120.05, Assault as a Felony, violations of Penal Law Sections 205.30, Resisting Arrest, 195.05 Obstruction of Governmental Function and Two Counts of violation of Penal Law Section 240.20, Disorderly

Conduct. It is significant to note that Plaintiff KAMLAWATI RAMOODIT is of very small stature and, as surveillance video readily demonstrates, on the date in question she was accosted by several police officers on the subject premises and was the one who sustained the most severe of the injuries sustained by Plaintiffs herein as a direct result of said Defendants' conduct. Said Defendants unlawfully forcibly restrained, forcibly detained, falsely imprisoned, falsely accused, falsely arrested, used excessive force against, falsely prosecuted, labeled her a criminal, deprived of her rights and privileges guaranteed to her by the Constitution of the United States, the Constitution of the State of New York and federal and state laws when they, without justification, used excessive and unreasonable force against Plaintiffs in that they intentionally, maliciously, recklessly, wantonly and with deliberate indifference to human life/safety/health/well-being, forcibly restrained, forcibly detained, forcibly and falsely imprisoned and falsely arrested Plaintiffs against their will while they pushed, shoved, grabbed, hit, struck, assaulted, battered and/or otherwise used excessive force against Plaintiffs and further falsely prosecuted them causing them to be labeled   criminal Defendants and to incur legal fees to defend themselves against the allegations that Defendants made against them herein.

55.     As a direct and approximate cause of said Defendants' unlawful conduct, the Plaintiff KAMLAWATI  RAMOODIT was wrongfully/falsely charged, arrested and/or imprisoned and prosecuted with criminal offenses and was incarcerated as a result therefrom. Said Defendants caused the Plaintiff KAMLAWATI  RAMOODIT to be imprisoned, booked, processed, arraigned and criminally prosecuted based upon the Defendants' allegations  made against her that forced her to be labeled a Criminal Defendant, forced her to appear in Court as same, forced her to defendant herself and forced her to incur legal fees in defense of same. As a result of the foregoing acts of the

27

Defendants, the Plaintiff was caused by the Defendants, while acting under color of law, to have her State and Federal Constitutional Rights violated; to appear in court, to be publicly humiliated, embarrassed and to incur expenses of securing an attorney in order to avoid the threat of having a criminal record and the fear of the loss of her liberty and the pursuit of happiness.

56.     That on or about August 25, 2013, said Defendants further wrongfully/falsely charged Plaintiff SAVITRIE BOODRAM for alleged violations of Penal Law Sections 205.30, Resisting Arrest, 195.05 Obstruction of Governmental Function and Two Counts of violation of Penal Law Section 240.20, Disorderly Conduct. It is further significant to note that Plaintiff SAVITRIE BOODRAM is also of a very small stature and, as surveillance video readily demonstrates, on the date in question she was accosted by several police officers on the subject premises, while she was recording the activities/unlawful conduct of said Defendants, and she sustained physical injuries as a direct result of said Defendants' unlawful conduct including being forcibly restrained, forcibly detained, falsely imprisoned, falsely accused, falsely arrested, used excessive force against, falsely prosecuted, labeled a criminal, deprived of her rights and privileges guaranteed to her by the Constitution of the United States, the Constitution of the State of New York and federal and state laws when they, without justification, used excessive and unreasonable force against Plaintiffs in that they intentionally, maliciously, recklessly, wantonly and with deliberate indifference to human life/safety/health/well-being, forcibly restrained, forcibly detained, forcibly and falsely imprisoned and falsely arrested Plaintiffs against their will while they pushed, shoved, grabbed, hit, struck, assaulted, battered and/or otherwise used excessive force against Plaintiffs and further falsely prosecuted them causing them to be labeled criminal Defendants and to incur legal fees to defend themselves against the allegations that Defendants made against them herein.

28

57.     As a direct and approximate cause of said Defendants' unlawful actions/conduct, the Plaintiff SAVITRIE BOODRAM was wrongfully/falsely charged, arrested, imprisoned and/or prosecuted with criminal offenses and was incarcerated as a result therefrom. Said Defendants caused the Plaintiff SAVITRIE BOODRAM to be imprisoned, booked, processed, arraigned and criminally prosecuted based upon the Defendants' allegations made against her that forced her to be labeled a Criminal Defendant, forced her to appear in Court as same, forced her to defendant herself and forced her to incur legal fees in defense of same. As a result of the foregoing acts of the Defendants, the Plaintiff was caused by said Defendants, while acting under color of law, to have her State and Federal Constitutional Rights violated; to appear in court, to be publicly humiliated, embarrassed and to incur expenses of securing an attorney in order to avoid the threat of having a criminal record and the fear of the loss of her liberty and the pursuit of happiness.

58.     That at all relevant times herein mentioned, said Defendants POLICE OFFICER SCOTT ADELMAN, Sergeant WILMER CANALES, Tax ID #939967, Police Officer STEVEN HASSEMANN, Tax ID # 950569, Police Officer DENNIS LOPEZ, Tax ID #950772, Police Officer LOUIE MALAVE, Tax ID#943511, Police Officer JEFFREY MAYO, Tax ID# 928728, and "JOHN DOES" AND "JANE DOES", further falsely arrested, detained, made allegations against, prosecuted, imprisoned and labeled Plaintiffs as criminal Defendants causing Plaintiffs to further suffer and sustain injuries/damages herein including, but not limited to: pain and suffering, mental anguish, shock, fear, depression, anxiety, Post-Traumatic Stress Disorder, (PTSD), psychological injuries, psychological distress, and emotional distress legal fees and was otherwise damaged/injured herein.

59.     That said Defendants caused Plaintiffs, as a further direct and proximate result of the Defendants' intentional, malicious, reckless, careless, wanton, violation of the Plaintiffs' civil rights and/or unlawful actions, conduct and/or omissions, to incur and to continue to incur monetary damages including, but not limited to: attorneys' fees, medical expenses and other related expenses and/or losses for which Plaintiffs claims damages herein.

60.     Upon information and belief, after the Plaintiffs TILACK RAMOODIT, KAMLAWATI RAMOODIT and SAVITRIE BOODRAM made a number of appearances in Court and based upon information and belief after the District Attorney assigned to the cases reviewed the video surveillance of the incident of August 25, 2013 that captured the events on the subject premises, on or about November 3, 2014 the criminal charges against the Plaintiff KAMLAWATI RAMOODIT was dismissed and on or about November 6, 2014, the criminal charges against the Plaintiffs TILACK RAMOODIT and SAVITRIE BOODRAM were dismissed.

61.     That said Defendants harassed, assaulted, battered, forcibly detained, forcibly restrained, falsely and forcibly arrested, forcibly and falsely imprisoned and prosecuted Plaintiffs TILACK RAMOODIT, KAMLAWATI RAMOODIT and SAVITRIE BOODRAM while using excessive force against them. Said Defendants further arrested, imprisoned, booked, processed, arraigned and criminally prosecuted Plaintiff based upon the Defendants' allegations they made against Plaintiffs that forced Plaintiffs to be labeled a Criminal Defendant, forced them to appear in Court as same, forced them to defend themselves and forced them to incur legal fees in defense of same. As a result of the foregoing acts of the Defendants, the Plaintiffs was caused by said Defendants, while acting under color of law, to have their State and Federal Constitutional Rights violated; to appear in court, to be publicly humiliated, embarrassed and to incur expenses of securing

30

an attorney in order to avoid the threat of having a criminal record and the fear of the loss of their liberty and the pursuit of happiness.

62.     That on or about November 3, 2014, the criminal prosecution made/caused by said Defendants against Plaintiff KAMLAWATI RAMOODIT was dismissed.

63.     That on or about November 6, 2014, the criminal prosecution made/caused by said Defendants against Plaintiffs TILACK RAMOODIT and SAVITRIE BOODRAM were dismissed.

64.     That foregoing actions, omissions and/or conduct of said Defendants individually and collectively have caused and continue to cause the Plaintiffs to suffer psychological, monetary and physical injury/damage herein.

65.     That the actions of all individual Defendants were performed under color of law, in concert with one another, in furtherance of Defendants' business and within the scope of their employment and authority and, for those acts, the Defendants THE CITY OF NEW YORK is liable under the doctrine of *respondeat superior* and/or is otherwise vicariously liable herein.

66.     That the actions, conduct and/or omissions by all of the individual Defendants were intentional, deliberate, malicious, negligent, reckless, careless, in violation of the Plaintiffs' civil rights, and/or were wanton and with deliberate indifference to the life, health, safety and well-being of the Plaintiffs herein.

67.     That the actions, conduct and/or omissions by all of the Defendants violated Plaintiffs' clearly established rights under the Fourth Amendment of the Constitution of the United States of America, are in violation of the Constitution and the laws of the State of New York and are the direct and proximate cause of the physical injuries, psychological/emotional injuries and other related damages/losses sustained and suffered by the Plaintiffs herein.

31

68.     The actions, conduct and/or omissions of all of the Defendants were intentional, malicious, reckless, wanton and egregious thereby giving rise to punitive damages as against all Defendants with the exception of the municipality.

## DAMAGES

69.     As a direct and proximate result of the foregoing acts, conduct and/or omissions of the Defendants, the Plaintiffs suffered the following injuries and damages:

a.      Violation of their rights under the Fourth Amendment Rights of the Constitution of the United States, Article One, Section Twelve of the New York State Constitution and laws of the State of New York;

b.      Physical injuries, pain and suffering, extreme fear, emotional and psychological injuries, trauma, mental anguish, loss of enjoyment of life, emotional distress attorneys' fees, medical expenses;

c.      Damages pursuant to 42 U.S.C. §§1983 for unlawful excessive force, false arrest and unlawful entry,

d.      Damages in violation of the Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. Section 1983;and

e.      Punitive damages.

70.     The physical, emotional and/or psychological consequences suffered and sustained by Plaintiffs as a direct result of the Defendants' actions, conduct and/or omissions continue to date and, upon information and belief, will continue into the future.

## CAUSES OF ACTION

## COUNT I

32

**42 U.S.C. Section 1983—UNREASONABLE AND EXCESSIVE FORCE**

71.    Paragraphs 1-70 are incorporated by reference as though fully set forth herein.

72.    By their actions, conduct and/or omissions, all of the Defendants named herein, acting under color of law, deprived Plaintiffs of their constitutional rights to be free from excessive and unreasonable force by intentionally, maliciously and with deliberate indifference to human life, battering and/or assaulting Plaintiffs, without justification, causing injuries/damages including, but not limited to: contusions, lacerations, swelling, bruising, bleeding, injury to her elbow, injury to her back, injury to her arm, twisting of her arm, aggravation of a pre-existing injury to her arm/elbow, pain and suffering, mental anguish, shock, fear, depression, anxiety, Post-Traumatic Stress Disorder, (PTSD), psychological injuries, psychological distress, and emotional distress (both intentional and negligent), legal fees and was otherwise damaged/injured herein.

73.    Defendants, acting under color of law, by their unlawful acts, conduct and omissions above detailed, deprived the Plaintiffs of their rights to be free from unlawful search and seizure of their person/body, to be free from excessive force/assault, to be free from unlawful entry into/trespass onto their property, to be free from false arrest/imprisonment/prosecution and to be free from unlawful discrimination/treatment due to their race, ethnicity, color and/or national origin.

74.    By their actions, conduct and/or omissions, all of the Defendants named herein, acting under color of law, deprived Plaintiffs of their constitutional rights to be free from excessive and unreasonable force by further causing Plaintiffs to incur, and to continue to incur, damages for attorneys' fees, medical expenses and other related expenses and/or losses for which Plaintiffs claims damages herein.

33

75. Each and every of the Defendants' racial animus was expressed by their actions, conduct and/or omissions, individually and collectively, in intentionally and maliciously battering and/or assaulting Plaintiff without justification including, but not limited to: contusions, lacerations, swelling, bruising, bleeding, injury to her elbow, injury to their back, injury to her arm, twisting of her arm, aggravation of a pre-existing injury to her arm/elbow, pain and suffering, mental anguish, shock, fear, depression, anxiety, Post-Traumatic Stress Disorder, (PTSD), psychological injuries, psychological distress, and emotional distress (both intentional and negligent), legal fees and other related expenses and/or losses for which Plaintiffs claim damages herein.

76. Plaintiffs claims damages herein for the injuries set for above.

## COUNT II

### 42 U.S.C. Section 1983—FALSE ARREST

77. Paragraphs 1-76 are incorporated by reference as though fully set forth herein.

78. Defendants, acting under color of law, by their unlawful acts, conduct and omissions above detailed, deprived the Plaintiffs of their rights to be free from unlawful search and seizure of their person/body, to be free from excessive force/assault, to be free from unlawful entry into/trespass onto their property, to be free from false arrest/imprisonment/prosecution and to be free from unlawful discrimination/treatment due to their race, ethnicity, color and/or national origin.

79. Each and every of the Defendants' racial animus was expressed by their actions, conduct and/or omissions, in falsely arresting, imprisoning, prosecuting, charging, unlawful entry and in using excessive force against Plaintiffs, each individually and collectively, in intentionally and maliciously battering and/or assaulting Plaintiff without justification including, but not limited to:

34

contusions, lacerations, swelling, bruising, bleeding, injury to her elbow, injury to their back, injury to her arm, twisting of her arm, aggravation of a pre-existing injury to her arm/elbow, pain and suffering, mental anguish, shock, fear, depression, anxiety, Post-Traumatic Stress Disorder, (PTSD), psychological injuries, psychological distress, and emotional distress (both intentional and negligent), legal fees and other related expenses and/or losses for which Plaintiffs claim damages herein.

80.     Plaintiffs claims damages for the injuries set forth above.

## COUNT III

### 42 U.S.C. Section 1983—UNLAWFUL ENTRY

81.     Paragraphs 1-80 are incorporated by reference as though fully set forth herein.

82.     Defendants, acting under color of law, by their unlawful acts, conduct and omissions above detailed, deprived the Plaintiffs of their rights to be free from unlawful search and seizure of their person/body, to be free from excessive force/assault, to be free from unlawful entry into/trespass onto their property, to be free from false arrest/imprisonment/prosecution and to be free from unlawful discrimination/treatment due to their race, ethnicity, color and/or national origin.

83.     Each and every of the Defendants' racial animus was expressed by their actions, conduct and/or omissions, individually and collectively, in intentionally and maliciously and unlawfully entering into and trespassing onto the Plaintiffs' property without justification, good cause, probable cause, exigent circumstances, a warrant and, further, without the consent, permission and/or authority of the Plaintiffs herein.  Defendants thereafter unlawfully entering into and trespassing onto Plaintiffs' property, in furtherance of same, unlawfully used excessive force, battered and/or assaulted Plaintiffs and charged and arrested them without justification, causing

35

Plaintiffs to suffer injuries and damages including, but not limited to: contusions, lacerations, swelling, bruising, bleeding, injury to her elbow, injury to their back, injury to her arm, twisting of her arm, aggravation of a pre-existing injury to her arm/elbow, pain and suffering, mental anguish, shock, fear, depression, anxiety, Post-Traumatic Stress Disorder, (PTSD), psychological injuries, psychological distress, and emotional distress (both intentional and negligent), legal fees and other related expenses and/or losses for which Plaintiffs claim damages herein.

84. Plaintiffs claims damages for the injuries set forth above.

## COUNT IV

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT - 42 USCS SECTION 1983

### UNALWFUL DISCRIMIANTION BASED UPON RACE/COLOR/NATIONAL ORIGIN/ETHNICITY

85. Paragraphs 1-84 are incorporated by reference as though fully set forth herein. Defendants, who upon information and belief at all relevant times herein mentioned are of the Caucasian/white race and were acting under color of law, by their unlawful acts, conduct and omissions above detailed, deprived the Plaintiffs of their rights to be free from unlawful search and seizure of their person/body, to be free from excessive force/assault, to be free from unlawful entry into/trespass onto their property, to be free from false arrest/imprisonment/prosecution and to be free from unlawful discrimination/treatment due to their race, ethnicity, color and/or national origin.

86. Each and every of the Defendants' racial animus was expressed by their actions, conduct and/or omissions, individually and collectively, in intentionally and maliciously and unlawfully entering into and trespassing onto the Plaintiffs' property without justification, good cause, probable cause, exigent circumstances, a warrant and, further, without the consent, permission and/or authority of the Plaintiffs herein, and, in further unlawfully entering into and trespassing onto

36

Plaintiffs' property and, in furtherance of same, unlawfully using excessive force, battering and/or assaulting Plaintiffs and charging, arresting, imprisoning and prosecuting them without justification, causing Plaintiffs to suffer injuries and damages including, but not limited to: contusions, lacerations, swelling, bruising, bleeding, injury to her elbow, injury to their back, injury to her arm, twisting of her arm, aggravation of a pre-existing injury to her arm/elbow, pain and suffering, mental anguish, shock, fear, depression, anxiety, Post-Traumatic Stress Disorder, (PTSD), psychological injuries, psychological distress, and emotional distress (both intentional and negligent), legal fees and other related expenses and/or losses for which Plaintiffs claim damages herein, and acted based upon their discrimination/racial animus against/towards the Plaintiffs' race, national origin, ethnicity and/or color.

87.   As a direct and proximate result of Defendants' conduct, acts and/or omissions, Plaintiffs suffered the injuries and damages set forth and described above.

88.   Plaintiffs claims damages for the injuries set forth above.

### COUNT V

### VIOLATION OF PLAINTIFFS' FOURTH AMENDMENT RIGHTS

89.   Paragraphs 1-88 are incorporated by reference as though fully set forth herein.

90.   By their actions, conduct and/or omissions, all of the Defendants named herein, acting under color of law, deprived Plaintiffs of their constitutional rights to be free from excessive and unreasonable force, free from unlawful search and seizure of their person/body, free from false arrest/imprisonment/prosecution, free from unlawful entry/trespass by intentionally, maliciously and with deliberate indifference to human life, unlawfully entering into/trespassing onto Plaintiffs' property and unlawfully using excessive force against, battering and/or assaulting Plaintiffs and

37

unlawfully arresting/imprisoning/charging/prosecuting Plaintiffs, without justification/probable cause/good cause/exigent circumstances or a warrant thereby causing injuries/damages including, but not limited to: contusions, lacerations, swelling, bruising, bleeding, injury to her elbow, injury to her back, injury to her arm, twisting of her arm, aggravation of a pre-existing injury to her arm/elbow, pain and suffering, mental anguish, shock, fear, depression, anxiety, Post-Traumatic Stress Disorder, (PTSD), psychological injuries, psychological distress, and emotional distress, legal fees and was otherwise damaged/injured herein.

91.     Defendants, acting under color of law, by their unlawful acts, conduct and omissions above detailed, deprived the Plaintiffs of their rights to be free from unlawful search and seizure of their person/body, to be free from excessive force/assault, to be free from unlawful entry into/trespass onto their property, to be free from false arrest/imprisonment/prosecution and to be free from unlawful discrimination/treatment due to their race, ethnicity, color and/or national origin.

92.     By their actions, conduct and/or omissions, all of the Defendants named herein, acting under color of law, deprived Plaintiffs of their constitutional rights to be free from excessive and unreasonable force by further causing Plaintiffs to incur, and to continue to incur, damages for attorneys' fees, medical expenses and other related expenses and/or losses for which Plaintiffs claims damages herein.

93.     Each and every of the Defendants' racial animus was expressed by their actions, conduct and/or omissions, individually and collectively, in intentionally and maliciously battering and/or assaulting Plaintiff without justification including, but not limited to: contusions, lacerations, swelling, bruising, bleeding, injury to her elbow, injury to their back, injury to her arm, twisting of her arm, aggravation of a pre-existing injury to her arm/elbow, pain and suffering, mental anguish,

38

shock, fear, depression, anxiety, Post-Traumatic Stress Disorder, (PTSD), psychological injuries, psychological distress, and emotional distress (both intentional and negligent), legal fees and other related expenses and/or losses for which Plaintiffs claim damages herein.

94. Plaintiffs claims damages herein for the injuries set for above.

### COUNT VI

### PUNITIVE DAMAGES

95. Paragraphs 1-94 are incorporated by reference as though more fully set forth herein.

96. The foregoing unlawful acts/conduct/omissions by Defendants against Plaintiffs, each individually and collectively, all acting in concert with the other and acting under the color of law, by and through their agents, servants, licensees and/or employees, against Plaintiff was reckless, malicious, intentional, outrageous, shocking to society, wanton and/or were committed with deliberate and/or reckless indifference to human life and to Plaintiff's rights, life, health, safety and well-being.

97. As a result of the foregoing, Plaintiffs sustained injuries and damages.

98. Plaintiffs claims damages for the injuries set forth above in the amount of TEN MILLION DOLLARS ($10,000,000.00).

99. As a result of the foregoing, Plaintiffs claim punitive damages herein.

### PRAYER FOR RELIEF

100. **WHEREFORE,** Plaintiffs, TILACK RAMOODIT, KAMLAWATI RAMOODIT and SAVITRIE BOODRAM, request the following relief jointly and severally as against all of the Defendants:

1. Award compensatory damages in an amount to be determined at trial;

2.  Award punitive damages in the amount of TEN MILLION DOLLARS ($10,000,000.00).

3.  Disbursements, costs and attorney's fees; and

4.  For such other further relief to this Court may seem just and proper.

**<u>PLAINTIFF DEMANDS TRAL BY JURY</u>**

Dated: Jamaica, New York
         July 21, 2016

Respectfully submitted,

STEPHEN L. DRUMMOND, ESQ. (SLD 7359)
DRUMMOND & SQUILLACE, PLLC
Attorneys for the Plaintiffs
TILACK RAMOODIT, KAMLAWATI RAMOODIT
and SAVITRIE BOODRAM
175-61 Hillside Avenue, Suite 205
Jamaica, New York 11432
(718) 298-5050
sdrummond@dswinlaw.com

## ATTORNEY'S VERIFICATION

STEPHEN DRUMMOND, an attorney duly admitted to practice before the Courts of the State of New York and the United States District Court, Eastern District of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at DRUMMOND & SQUILLACE, PLLC, attorneys of record for Plaintiffs TILACK RAMOODIT, KAMLAWATI RAMOODIT and SAVITRIE BOODRAM. I have read the annexed **SECOND AMENDED COMPLAINT AND JURY DEMAND** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiffs are not presently in the County wherein I maintain my offices.

DATED:      Jamaica, New York
            July 21, 2016

STEPHEN L. DRUMMOND, ESQ.

41

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TILACK RAMOODIT, KAMLAWATI RAMDOODIT and SAVITRIE BOODRAM

Plaintiffs

- against -

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE DEPARTMENT POLICE OFFICER SCOTT ADELMAN, TAX ID/BADGE # Unknown to Plaintiffs but Known to Defendants, Individually and in his official capacity as a Police Officer of the New York City Police Department, NEW YORK CITY POLICE DEPARTMENT POLICE OFFICER SERGEANT WILMER CANALES, TAX ID/BADGE #939967, Individually and in his official capacity as a Police Officer of the New York City Police Department, NEW YORK CITY POLICE DEPARTMENT POLICE OFFICER STEVEN HASEMANN, TAX ID/BADGE # 950569, Individually and in his official capacity as a Police Officer of the New York City Police Department, NEW YORK CITY POLICE DEPARTMENT POLICE OFFICER DENNIS LOPEZ, TAX ID/BADGE # 950772, Individually and in his official capacity as a Police Officer of the New York City Police Department, NEW YORK CITY POLICE DEPARTMENT POLICE OFFICER LOUIE MALAVE, TAX ID/BADGE #943511, Individually and in his official capacity as a Police Officer of the New York City Police Department, NEW YORK CITY POLICE DEPARTMENT POLICE OFFICER JEFFREY MAYO, TAX ID /BADGE # 928728, Individually and in his official capacity as a Police Officer of the New York City Police Department, and "JOHN DOES" AND JANE DOES", names being fictitious intended to be Officers, Police Officers, agents, servants, licensees, employees of the New York City Police Department, each individually and/or in their respective official capacities with the City of New York and/or the New York City Police Department,

Defendants.

**DRUMMOND & SQUILLACE, PLLC**
**Attorneys for Plaintiffs**
*TILACK RAMOODIT, KAMLAWATI RAMOODIT*
*& SAVITRIE BOODRAM*
**175-61 Hillside Avenue, Suite 205**
**Jamaica, New York 11432**
**(718) 298-5050**